UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |  | |
|---|---|---|---|
| PHILIP M. SEBOLT, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 2:19-cv-00429-JPH-DLP | |
| | ) | | |
| TYNDALL Corr. Officer, | ) | | |
| MONETT Corr. Officer, | ) | | |
| UNKNOWN DEFENDANT #1, | ) | | |
| YOUNG Lieutenant, | ) | | |
| WASSON Counselor, | ) | | |
| ROYER Unit Mger., in their individual capacities, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING INITIAL PARTIAL FILING FEE,
SCREENING AND DISMISSING COMPLAINT,
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

On September 5, 2019, plaintiff Philip M. Sebolt, an inmate of the Federal Bureau of Prisons, filed this action against several officials at the Federal Correctional Complex in Terre Haute, Indiana. He asserts claims pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and seeks *in forma pauperis* status. The Court makes the following rulings.

**A.** *In Forma Pauperis* **Status**

When he filed his complaint on September 5, 2019, Mr. Sebolt did not pay the filing fee. On initial review of the filing, the Court learned that Mr. Sebolt had been previously prohibited from proceeding *in forma pauperis* in federal court civil actions because he had on three or more prior occasions filed actions that were dismissed for failure to state a claim upon which relief can be granted, frivolous, or malicious. 28 U.S.C. § 1915A. This Court gave Mr. Sebolt notice of his

§ 1915(g) status and the four cases upon which it was based in *Seabolt v. Federal Bureau of Prisons*, No. 2:18-cv-00088-WTL-DLP (S.D. Ind. March 2, 2018).

The Court again notified Mr. Sebolt that he was not eligible for *in forma pauperis* status in an Order filed September 6, 2019, and directed payment of the filing fee no later than October 8, 2019. Dkt. 3.

Mr. Sebolt did not meet the October 8, 2019, deadline, but on October 22, 2019, he filed a motion for leave to proceed *in forma pauperis*. Dkt. 5. In this motion, Mr. Sebolt contends he was improperly assessed strikes in two of the four cases relied on by the Court in No. 2:18-cv-00088, leaving him with only two strikes, and that he is therefore eligible for *in forma pauperis* status. *Id.*

The four strikes listed in the Court's order in case number 2:18-cv-00088-WTL-DLP are:

(1) *Sebolt v. Fed. Bureau of Prisons*, No. 1:14-cv-2797 (N.D. Ill. June 4, 2014) (dismissing action for failure to state a claim)

(2) *Sebolt v. Lariva*, No. 2:15-cv-00353-WTL-MPB (S.D. Ind. May 23, 2017) (dismissing action for failure to state a claim)

(3) *Sebolt v. Pindelski*, No. 1:17-cv-01212-AJT-MSN (E.D. Va. Nov. 16, 2017) (dismissing action for failure to state a claim)

(4) *Sebolt v. United States*, No. 1:17-cv-03866 (N.D. Ill. Feb. 15, 2018) (dismissing action for failure to state a claim)

In the instant motion, Mr. Sebolt argues that the first case, from Illinois, was a dismissal on jurisdictional grounds and not for failure to state a claim upon which relief can be granted. Dkt. 5, p. 5. Jurisdictional dismissals are not counted as strikes under § 1915(g), *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (per curiam), so the Court does not consider Case No. 1:14-cv-2797 in the § 1915(g) analysis.

Mr. Sebolt next challenges whether the third listed case, *Pindelski*, should be a strike. On August 6, 2019, *Pindelski* was reopened on a motion pursuant to Federal Rule of Civil Procedure

2

60(b) and is now proceeding. The judgment was vacated and the action no longer qualifies as a § 1915(g) action. He filed the instant action on September 5, 2019, one month after *Pindelski* was reopened. Therefore, at the time he filed this action, Mr. Sebolt had only two civil cases that he filed as a prisoner and had been dismissed for failure to state a claim upon which relief can be granted and met the § 1915(g) criteria for a strike.

Because § 1915(g) no longer bars Mr. Sebolt from proceeding *in forma pauperis*, the motion for leave to proceed *in forma pauperis*, dkt. [5], is **granted**. Mr. Sebolt is assessed an initial partial filing fee of twenty-seven dollars and eighty-three cents ($27.83). *See* 28 U.S.C. § 1915(b)(1)(A), which shall be paid to the clerk of the district court no later than **February 18, 2020**.

Mr. Sebolt is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Sebolt and his custodian.

### B. Screening of the Complaint

Because Mr. Sebolt is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Before considering the merits, the Court must address whether Mr. Sebolt's current complaint is timely. The facts underlying each of Mr. Sebolt's claims occurred no later than July 2017. This action was filed in September 2019, more than two years after the facts underlying the claims occurred and/or became known to Mr. Sebolt. The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chi.*, 864 F.2d 463, 469 (7th Cir. 1988). In § 1983 actions, the Court uses the statute of limitations for the claim that is used by the state in which the events occurred. *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). Indiana Code § 34-11-2-4 defines a two-year limitation period for injury actions, the category in which Mr. Sebolt's claims are defined. By his clear pleading, Mr. Sebolt's claims are barred by Indiana's limitations period.

Mr. Sebolt pleads that he attempted to exhaust his administrative remedies. This is relevant because the Court not only borrows the forum state's limitation period, it must also borrow the state's tolling provisions. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). But in Indiana, tolling does not occur while administrative remedies are pursued. *Smith v. Wilson*, 2009 WL 3444662, *3 (N.D. Ind. Oct. 22, 2009) (discussing Indiana statutory tolling provisions). It would not matter, however, because the instant action was filed two years and four days after Mr. Sebolt

pleads that he concluded his pursuit of administrative remedies. Dkt. 1, ¶ 29 (stating the final administrative remedy response was received on September 1, 2017).

While the statute of limitations is an affirmative defense, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). This is the situation in Mr. Sebolt's case. The complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . ."). Because this dismissal is on statute of limitations grounds, it is also for failure to state a claim upon which relief can be granted. **This dismissal qualifies as a strike under § 1915(g), and is now Mr. Sebolt's third strike**.

### C. Show Cause

Mr. Sebolt shall have through **February 18, 2020**, in which to show cause why this action should not be dismissed and instead allowed to proceed. Should Mr. Sebolt fail to respond, or not be able to show cause why the action should be allowed to proceed as pled, this action will be dismissed and final judgment entered without further notice.

### D. Conclusion

For the reasons set forth above, Mr. Sebolt's motion for leave to proceed *in forma pauperis*, dkt. [5], is **granted**. Mr. Sebolt shall pay the initial partial filing fee no later than **February 18, 2020**. The complaint is dismissed for failure to state a claim upon which relief can be granted. 28

U.S.C. § 1915A. Mr. Sebolt shall have through **February 18, 2020**, to show cause why this action should not be dismissed and the complaint allowed to proceed as pled.

**SO ORDERED**.

Date: 1/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Philip M. Sebolt
14682-424
Tucson – USP
Tucson U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ 85734