UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILIP M. SEBOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00429-JPH-DLP |
| | ) | |
| TYNDALL Corr. Officer, | ) | |
| MONETT Corr. Officer, | ) | |
| UNKNOWN DEFENDANT #1, | ) | |
| YOUNG Lieutenant, | ) | |
| WASSON Counselor, | ) | |
| ROYER Unit Mger., in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER VACATING FINAL JUDGMENT AND REOPENING ACTION,
GRANTING MOTION FOR EXTENSION OF TIME TO PAY FILING FEE,
DIRECTING PLAINTIFF TO INCLUDE CERTAIN CERTIFICATION ON FUTURE
FILINGS, GRANTING MOTION FOR LEAVE TO ADD PARTY,
SCREENING COMPLAINT AND DISMISSING DEFICIENT CLAIMS,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

**I.  Order to Reopen Action**

For the reasons asserted by Plaintiff Philip M. Sebolt in his February 26, 2020, response to the show cause order, *see* dkt. 9, this action is **reopened**. The **clerk is directed** to vacate the final judgment entered February 27, 2020 (dkt. 11), vacate the order dismissing this action entered February 27, 2020, and to reopen this case.

**II. Motion for Extension of Time**

The motion for an extension of time in which to pay the initial partial filing fee of $27.83, dkt. [7], is **granted**. The Court deems timely Mr. Sebolt's April 7, 2020, payment of this fee.

### III. Order Requiring Specific Certification

Mr. Sebolt **is ordered** to include with **all** future submissions in this action a certificate of mailing, clearly listing the date the document was delivered to the prison mail system for legal mailings, signed under penalties of perjury pursuant to 28 U.S.C. § 1746.

### IV.  Screening of the Complaint

**A.       Screening Standard**

Because Mr. Sebolt is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss any complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B.       Mr. Sebolt's Amended Complaint and Motion for Leave to Add Party**

Mr. Sebolt's amended complaint was filed before the original complaint had been screened. He is entitled to one amendment of his complaint without leave of the parties or Court, *see* Fed. R. Civ. P. 15(a)(1), which he filed on March 11, 2020. Dkt. 12. By motion filed the same date, Mr. Sebolt seeks leave to add the United States as a party to a Federal Tort Claims Act claim. To

the extent a motion is necessary to add a claim and party to an amended complaint, the motion to add a party, dkt. [13], is **GRANTED**.

In his amended complaint, Mr. Sebolt names as defendants Correctional Officers Tyndall, Monett, Wassaon, an unknown officer, Lieutenant Young, Correctional Counselor Wasson, and Unit Manager Royer, on his conditions of confinement claims arising under the Eighth Amendment and pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He names the United States of America as a defendant on his negligence claim brought under the FTCA. 28 U.S.C. § 1346(b).

Mr. Sebolt alleges that while incarcerated at the Federal Correctional Complex in Terre Haute, Indiana, in April and May 2017, he was twice held in a special housing unit (SHU) without a mattress. During his first stay in the SHU, a foam pad provided to him by Officers Tyndall and Monett was no thicker than a yoga mat, was wet, and smelled of mold. Mr. Sebolt could either sleep on the wet, moldy pad or sleep on a bare steel bunk. This situation caused him to experience body pains and headaches. Officers Tyndall and Monett failed to remedy the situation when Mr. Sebolt complained and brought it to their attention. After his first stay in the SHU, Mr. Sebolt sought medical attention for his continued pain.

When he was again placed in the SHU a few days later, an unknown officer provided him with the same type of foam pad he had been given earlier. Mr. Sebolt asked for a mattress, but the officer never came back after saying "I'll see what I can do."  A few days later Mr. Sebolt asked Lt. Young for a mattress, but Lt. Young directed him to the evening staff and did not remedy the condition. Mr. Sebolt wrote an administrative remedy request that was reviewed by Counselor Watson and Unit Manager Royer, but neither took action to remedy the mattress situation.

Mr. Sebolt continues to experience pain that is a result of not having an adequate mattress or sleeping on a thin, wet, and moldy pad.

Finally, Mr. Sebolt alleges that the individual defendants were negligent in not providing him an adequate mattress and that therefore, because they are employees of the United States, the United States is liable to him under the FTCA.

Mr. Sebolt seeks compensatory and punitive damages.

C.     **Analysis**

The allegations in the complaint are sufficient to plausibly assert Eighth Amendment claims brought pursuant to *Bivens*, 403 U.S. 388.  These claims **shall proceed** against each of the individually named defendants. *See Budd v. Motley*, 711 F.3d 840, 841-42 (7th Cir. 2013) (being required to sleep on a wet and moldy mattress could be an Eighth Amendment violation); *Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008) (a clean, dry mattress is a "minimal civilized measure of life's necessities"). Mr. Sebolt's FTCA claim of negligence against the United States **shall proceed** as an alternative theory of liability.

The amended complaint against the unknown correctional officer, described by Mr. Sebolt as "Unknown Defendant #1," is **dismissed** without prejudice. "[I]t is pointless to include . . . anonymous defendants in federal court; this type of placeholder does not open the door to relation back . . .  nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). If Mr. Sebolt timely learns the name of the correctional officer during discovery or pretrial disclosures, he may move for leave to file an amended complaint. The **clerk is directed** to terminate "Unknown Defendant #1" from the docket.

If Mr. Sebolt believes the Court has overlooked a claim and/or defendant, he shall have through May 22, 2020, in which to bring such omission to the Court's attention.

### V. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Correctional Officer Tyndall, Correctional Officer Monett, Lieutenant Young, Counselor Wasson, and Unit Manager Royer in the manner specified by Rule 4(i). Process shall consist of a summons, the amended complaint, dkt. 12, and this Order. Personal service of summonses on the individual defendants shall be made by the United States Marshal or his designee at the expense of the United States. The United States shall be served with summons on the FTCA claim pursuant to Rule 4(i).

### VI. Conclusion

The **clerk is directed** to vacate the order and final judgment entered February 27, 2020, dkts. [10] & [11], and reopen this action. The motion for an extension of time to pay the initial partial filing fee, dkt. [7], is **granted** as provided herein. Mr. Sebolt is directed to provide the certification set out in Section III above in all of his future submissions in this action. The motion for leave to add a party defendant, dkt. [13], is **granted**. The **clerk is directed** to add the United States of America as a defendant on the docket. The amended complaint **shall proceed** against all defendants except "Unknown Defendant #1" who is **dismissed**. The **clerk is directed** to terminate "Unknown Defendant #1" from the docket. The **clerk is directed** to issue a summons for each defendant, to be served pursuant to Rule 4(i) by the United States Marshal or his designee at the expense of the United States.

Mr. Sebolt shall have through **May 22, 2020**, in which to bring any overlooked claims and or defendants to the Court's attention.

**SO ORDERED**.

Date: 4/21/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Philip M. Sebolt
14682-424
Tucson U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ 85734

United States Attorney for the Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN  46204

Attorney General of the United States
United States Department of Justice
10th and Constitution Avenue, N.W.
Washington, D.C. 20530

United States Marshal
United States Courthouse
46 East Ohio Street, No. 179
Indianapolis, IN  46204

By personal service of summons by the United States Marshal:
  Correctional Officer Tyndall
  Correctional Officer Monett
  Lieutenant Young
  Counselor Wasson
  Unit Manager Royer